UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | |
| | * | No. 15-mc-93017-MGM |
| TIMOTHY LAMOTTE, Treasurer of Northern Tree Service, Inc. | * | |
| | * | |
| Respondent. | * | |

MEMORANDUM AND ORDER REGARDING REPORT AND
RECOMMENDATION AS TO PETITION TO ENFORCE
INTERNAL REVENUE SERVICE SUMMONSES
(Dkt. No. 1)

May 10, 2016

MASTROIANNI, U.S.D.J.

On September 11, 2015, the United States filed a petition pursuant to 26 U.S.C. § 7604 to judicially enforce two Internal Revenue Service ("IRS") summonses issued to Timothy LaMotte ("Respondent"), in his capacity as Treasurer of Northern Tree Service, Inc. ("Northern"). (Dkt. No. 1.) One summons sought documents and the other sought testimony from Respondent. This court referred the petition to enforce to Magistrate Judge Robertson, who held a Show Cause Hearing on November 16, 2015, at which time the court received testimony from two witnesses including Respondent. (Dkt. No. 16.) On the day prior to the hearing, Judge Robertson granted Respondent's motion to file a sur-reply. (Dkt. No. 14.) The sur-reply included a listing of the questions the IRS had asked Respondent and his explanation as to why he should be able to invoke his right under the

Fifth Amendment not to answer. (Dkt. No. 15.) At the hearing, the government sought permission to respond in writing to that portion of Respondent's sur-reply listing his objection to answering each individual question. (Dkt. No. 21-1 at 8.) Following the hearing, Judge Robertson gave the government five weeks to file supplemental briefing. (Dkt. No. 16.) The government did not file any supplemental briefing.[1] On April 19, 2016, Judge Robertson issued her Report and Recommendations ("R&R"), finding first that the IRS was already in possession of the documents it sought and second that Respondent had properly invoked his Fifth Amendment privilege against compelled self-incrimination. Based on those findings she recommended that the petition to enforce the summonses be dismissed. (Dkt. No. 19.) The government filed an objection to the R&R, objecting only to that portion of the recommendation regarding the summons for testimony. (Dkt. No. 21.)

There is no dispute concerning the contours of the underlying tax dispute and the court relies on the thorough summary set out in the R&R. Respondent had argued he should be protected from the summons for testimony based on his Fifth Amendment privilege. Judge Robertson agreed that the questions posed by the IRS sought to elicit from Respondent testimony that reasonably could be used against him in a criminal prosecution. The government objected to Judge Robertson's determination, asserting the only basis for Judge Robertson's conclusion was her belief that the IRS had identified the transactions being investigated as potentially abusive.

The government has misconstrued Judge Robertson's analysis as to Respondent's concern about incrimination. Contrary to the government's position, Judge Robertson did not simply assert that Respondent had a reasonable fear of prosecution because there existed a possibility of criminal prosecution. Judge Robertson looked at the specific questions posed to Respondent and found "the incriminating nature of the testimony sought from Respondent is evident on its face." (Dkt. No. 19

---

[1] Despite the docket clearly reflecting that Judge Robertson granted the government five weeks to file supplemental briefing, the government asserts it was denied the opportunity to file supplemental briefing. (Dkt. No. 19.)

at 11.) This court agrees. The questions posed by the IRS to Respondent concerned when and how he obtained knowledge about the use of captive insurance companies and what conditions within the business caused Respondent to utilize captive insurance companies. These types of questions ask for information relevant to Respondent's knowledge and willfulness with respect to the suspect transactions being investigated. This type of information would be critical to a criminal tax evasion prosecution. *See* 26 U.S.C. § 7206. Yet, the IRS does not need this type of evidence to disallow the deductions and assert penalties as part of its civil investigation. *See, e.g.*, *INDOPCO, Inc. v. Comm'r of Internal Revenue*, 503 U.S. 79, 84 (1992).

The government also asserts the individual objections offered by Respondent are impermissibly "repetitious" and "rote." Given the common threads among the questions and the objections offered, the court agrees with Judge Robertson's assessment that the responses do not constitute the type of "blanket" objection that cannot support an assertion of Fifth Amendment privilege. *See United States v. Allee*, 888 F.2d 208, 214 n.5 (1st Cir. 1989) (distinguishing between "a blanket objection, based on Fifth Amendment grounds" and an objection based on the Fifth Amendment privilege asserted "on a question-by-question" basis).

Based on this court's *de novo* review and the thorough analysis presented in the R&R, the court hereby ADOPTS the R&R in its entirety. The government's petition to enforce both summonses is DISMISSED.

It is So Ordered.

                                                          /s/ Mark G. Mastroianni
                                                          MARK G. MASTROIANNI
                                                          United States District Judge